# IN RE NEW SOUTH BREWERY & ICE COMPANY.

### TRADEMARKS.

The word "Crystal" as applied to beer is descriptive of a characteristic
or quality, importing that it is clear or transparent, that is light or
clear beer, as distinguished from beers that are dark or black, and is
therefore not registerable as a trademark. (Following *Re American
Circular Loom Co.* 28 App. D. C. 450; *Re National Phonograph Co.*
29 App. D. C. 142; *Worster Brewing Corp.* v. *Reuter & Co.* 30 App.
D. C. 428; *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.*
30 App. D. C. 505; *Kentucky Distilleries & Warehouse Co.* v. *Old
Lexington Club Distilling Co.* 31 App. D. C. 223.)

No. 545.   Patent Appeals.   Submitted January 12, 1909.   Decided March
2, 1909.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting an application for the registration of a
trademark.                                            *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward T. Fenwick* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal from the denial of the registration of a
trademark. The application when filed was accompanied by a
label which had been used on bottles or packages of beer.   It

contains a female figure holding aloft and inspecting a glass of the beer in the rays of a blazing sun. Above her appear the words "Crystal Pale," and on a scroll beneath appears the word "Beer," in gilt letters, over the name of the applicant. Upon objection raised to "Crystal Pale," the appellant amended so as to claim the word "Crystal," and filed a drawing showing that word only.

The application having been finally denied by the Examiner, appeal was taken to the Commissioner, who affirmed the decision of the Examiner. The denial was on the ground that the word "Crystal" is descriptive of a characteristic or quality of the goods upon which it is used. It is shown by reference to the Century Dictionary, and certain others therein quoted, that the word "crystal" is frequently, if not commonly, used as clear, transparent, pellucid. The expression "clear as crystal" is frequently applied to liquids by persons who probably have no idea of the primary or technical meaning of the word. As applied to beer the word would import that it is clear, transparent; that is, light, clear beer as distinguished from other beers that are dark or black. That it was intended by the applicant to represent this quality is apparent from the figure on the label, of the woman holding up a glass of the beverage and examining it in the rays of the sun.

We think that the Commissioner was right in holding it descriptive within the meaning of the statute. See *Re American Circular Loom Co.* 28 App. D. C. 450; *Re National Phonograph Co.* 29 App. D. C. 142; *Worster Brewing Corp.* v. *Reuter & Co.* 30 App. D. C. 428; *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223.

The decision must be affirmed. It is so ordered, and that the clerk certify this decision to the Commissioner of Patents as required by law.                    *Affirmed.*